NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIHUA CUI,<br><br>          Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>          Respondent. | No.   17-71669<br><br>Agency No. A087-727-652<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2020[**]
Pasadena, California

Before:  BERZON, R. NELSON, and LEE, Circuit Judges.

Shihua Cui, a native and citizen of China, seeks review of the Board of
Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")
denial of asylum and withholding of removal.  We review the agency's factual
findings, including the adverse credibility determination, under the substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence standard. These findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). The IJ's adverse credibility finding is supported by inconsistencies and implausibilities in Cui's testimony and the record. Accordingly, we deny the petition for review.

First, Cui testified he was not allowed to leave his residential area after his arrest. But Cui was able to leave his residential area to attend a visa interview with United States officials on the other side of the country and to depart China using his own passport without incident. A reasonable adjudicator could conclude that if Cui was able to attend his interview and use his own passport to leave China, then his testimony that the Chinese government was intent on ensuring Cui did not leave his residential area is implausible.

Second, Cui testified he was sure his wife sent him a copy of his purported household registry in late 2009, but a page in it says it was issued on April 13, 2010. And the notarial certificate was completed in China and dated April 14, 2010. Cui was unable to provide an answer for how it was notarized in China in 2010 if it was mailed to him in the United States in late 2009. He also indicated that his wife arranged to alter the household registry to show a child not included in it, essentially conceding that it was not a genuine government document. These

2

discrepancies call both the accuracy of Cui's testimony and the authenticity of the household register into question and supports the IJ's adverse credibility finding. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) ("We have held inconsistencies between testimonial and documentary evidence to be a proper basis for an adverse credibility finding.") (citation omitted).

Finally, Cui provided conflicting addresses for his last residence in China. These inconsistencies further support the adverse credibility determination.

Accordingly, a "reasonable adjudicator would [not] be compelled to conclude" Cui's testimony was credible, 8 U.S.C. § 1252(b)(4)(B), and his claims for asylum and withholding of removal fail.

**PETITION FOR REVIEW DENIED.**